# NYSCEF Payment Receipt

## Suffolk County Supreme Court

The NYSCEF website has received your electronic filing. Please keep a copy for your records.

**Index Number NOT assigned**

**Laurie Mobley v. Wal-Mart Stores East, Inc. et al**

## Documents Received on **03/21/2024 09:19 AM**

| Doc # | Document Type | Control # | Motion # | Fee |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | | | $0.00 |
| | | | *Index Fee* | + $210.00 |
| | | | ***Credit Card Service Fee:**** | + $6.28 |
| | | | ***Total Fee*** | **$216.28** |

## Payment Information

Generated Receipt #: 0005527564
Payment Type: **AMERICAN EXPRESS**
Date Paid: **03/21/2024**
Filing Fee: **$210.00 (Authorization Code: 241463)**
Credit Card Service Fee:* **$6.28 (Authorization Code: 264552)**

## Filing User

Philip M Hines | phines@heldhines.com | 718-531-9700
2004 Ralph Avenue, Brooklyn, NY 11234

*** Credit Card Service Fee:** This fee is in addition to the amount paid to the biller and will appear as a separate charge on your credit or debit card statement. This service fee is non-refundable.

**Vincent Puleo, Suffolk County Clerk**
Phone: 631-852-2000 Fax: 631-852-3016 (fax)

**NYSCEF Resource Center - nyscef@nycourts.gov**
**Phone:** (646) 386-3033 **Fax:** (212) 401-9146 **Website:** www.nycourts.gov/efile

# NYSCEF Confirmation Notice

## Suffolk County Supreme Court

The NYSCEF website has received an electronic filing on 03/21/2024 09:19 AM. Please keep this notice as a confirmation of this filing.

**Index Number NOT assigned**
**Laurie Mobley v. Wal-Mart Stores East, Inc. et al**
**Assigned Judge: None Recorded**

### Documents Received on 03/21/2024 09:19 AM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |

### Filing User

Philip M Hines | phines@heldhines.com | 718-531-9700
2004 Ralph Avenue, Brooklyn, NY 11234

### E-mail Service Notifications

An email regarding this filing has been sent to the following on 03/21/2024 09:19 AM:

**PHILIP M. HINES - phines@heldhines.com**

### Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | Wal-Mart Stores East, Inc. | No consent on record. |
| Respondent | Wal-Mart Stores East, LP | No consent on record. |
| Respondent | Walmart Store #2156 | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

**Vincent Puleo, Suffolk County Clerk**
Phone: 631-852-2000 Fax: 631-852-3016 (fax)

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------------X

| | |
|---|---|
| LAURIE MOBLEY,<br><br>Plaintiff,<br><br>-against-<br><br>WAL-MART STORES EAST, INC., WAL-MART STORES EAST, LP and WALMART STORE #2156,<br><br>Defendants. | Index No.<br><br>Date Purchased:<br><br>**SUMMONS**<br><br>Basis of venue is CPLR §503 |

-------------------------------------------------------------------X

To the above-named defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a Notice of Appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
March 20, 2024

Yours, etc.,

HELD & HINES, LLP

PHILIP M. HINES, ESQ.
*Attorneys for Plaintiff*
2004 Ralph Avenue
Brooklyn, New York 11234
Tel: (718) 531-9700
Fax: (718) 444-5768
phines@heldhines.com

Defendants' Addresses:

WAL-MART STORES EAST, INC
750 Middle Country Road
Middle Island, New York 11953

WAL-MART STORES EAST, LP
750 Middle Country Road
Middle Island, New York 11953

WALMART STORE #2156
750 Middle Country Road
Middle Island, New York 11953

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---------------------------------------------------------------------X

LAURIE MOBLEY,

Index No.

Plaintiff,

-against-

**VERIFIED COMPLAINT**

WAL-MART STORES EAST, INC., WAL-MART STORES EAST, LP and WALMART STORE #2156,

Defendants.

---------------------------------------------------------------------X

Plaintiff, complaining of the defendants, by her attorneys, **HELD & HINES, LLP,** alleges, upon information and belief, that:

1. At all times hereinafter mentioned, Plaintiff, LAURIE MOBLEY, was a resident of the State of New York, County of Suffolk

2. At all times hereinafter mentioned, Defendant WALMART STORE #2156 was authorized to conduct business in the State of New York.

3. At all times hereinafter mentioned, Defendant WALMART STORE #2156 conducted business at 750 Middle Country Road, Middle Island, New York.

4. At all times hereinafter mentioned, Defendant, WAL-MART STORES EAST, INC., was and still is a foreign business corporation organized and existing under and by virtue of the laws of the State of Arkansas.

5. At all times hereinafter mentioned, Defendant WAL-MART STORES EAST, INC. was authorized to conduct business in the State of New York.

6. At all times hereinafter mentioned, Defendant, WAL-MART STORES EAST, LP, was and still is a foreign limited partnership organized and existing under and by virtue of the laws of the State of Delaware.

7. At all times hereinafter mentioned, Defendant WAL-MART STORES EAST, LP was authorized to conduct business in the State of New York.

8. At all times hereinafter mentioned, Defendant, WAL-MART STORES EAST, INC., owned and continues to own the real property known and designated as 750 Middle Country Road, Middle Island, New York.

9. At all times hereinafter mentioned, Defendant, WAL-MART STORES EAST, INC., operated and continues to operate the real property known and designated at 750 Middle Country Road, Middle Island, New York.

10. At all times hereinafter mentioned, Defendant, WAL-MART STORES EAST, INC., maintained and continues to maintain the real property known and designated at 750 Middle Country Road, Middle Island, New York.

11. At all times hereinafter mentioned, Defendant, WAL-MART STORES EAST, INC., controlled and continues to control the real property known and designated at 750 Middle Country Road, Middle Island, New York.

12. At all times hereinafter mentioned, Defendant, WAL-MART STORES EAST, INC., supervised and continues to supervise the real property known and designated at 750 Middle Country Road, Middle Island, New York.

13. At all times hereinafter mentioned, Defendant, WAL-MART STORES EAST, INC., leased and continues to lease the real property known and designated as 750 Middle Country Road, Middle Island, New York.

14. At all times hereinafter mentioned, Defendant, WAL-MART STORES EAST, LP, owned and continues to own the real property known and designated as 750 Middle Country Road, Middle Island, New York.

15. At all times hereinafter mentioned, Defendant, WAL-MART STORES EAST, LP, operated and continues to operate the real property known and designated at 750 Middle Country Road, Middle Island, New York.

16. At all times hereinafter mentioned, Defendant, WAL-MART STORES EAST, LP, maintained and continues to maintain the real property known and designated at 750 Middle Country Road, Middle Island, New York.

17. At all times hereinafter mentioned, Defendant, WAL-MART STORES EAST, LP, controlled and continues to control the real property known and designated at 750 Middle Country Road, Middle Island, New York.

18. At all times hereinafter mentioned, Defendant, WAL-MART STORES EAST, LP, supervised and continues to supervise the real property known and designated at 750 Middle Country Road, Middle Island, New York.

19. At all times hereinafter mentioned, Defendant, WAL-MART STORES EAST, LP, leased and continues to lease the real property known and designated as 750 Middle Country Road, Middle Island, New York.

20. That on or about April 23, 2021, at the real property known and designated as 750 Middle Country Road, Middle Island, New York (hereinafter referred to as the "Premises"), more specifically, while plaintiff was walking down a customer aisle of Walmart Store #2156 (hereinafter referred to as "the subject location"), she was caused to trip and fall over a wooden pallet that was left in the aisle, causing Plaintiff to sustain personal bodily injuries.

21. Defendants had notice, both actual and constructive, of said defect.

22. As a result of the foregoing, and due solely to the negligence of the defendants, its agents, servants and/or employees, without the plaintiff contributing thereto, Plaintiff sustained serious, permanent, disfiguring, and disabling bodily injuries and disability from usual activities.

23. Defendants, their agents, servants and/or employees, were negligent in the ownership, operation, supervision, maintenance, inspection, repair, and control of the subject location and/or Premises; in the ownership, operation, maintenance, supervision and control of the subject location and/or Premises in a careless, wanton, and unsafe manner; in failing to ensure the safety, health and welfare of those persons making use of the subject location and/or Premises, including but not limited to the plaintiff herein; in causing, creating, and/or allowing a dangerous and defective condition to exist thereat; in causing, creating and/or allowing to remain a trip hazard thereat; in failing to properly maintain and/or repair the defective conditions that caused and/or contributed to the subject accident and injuries sustained by Plaintiff; in failing to remedy the defective conditions; in negligently repairing the defective conditions; in failing to place barriers, signs or other warning devices around the subject location so that persons were aware of a trip hazard thereat and/or could safely traverse over same; in failing to protect the plaintiff; in failing inspect the area; in setting a trap for the plaintiff; in causing and creating the defective conditions; in allowing a nuisance to exist and/or remain thereat; in failing to give the plaintiff warning; in failing to give the plaintiff notice; in failing to use proper and reasonable materials in the construction, maintenance and/or repair of the subject location and/or Premises; in failing to have and properly and adequately maintain handrails in the subject location and/or Premises; in failing to rope off the area; in having a custom and practice, either express or implied, that has the effect of placing persons in known perilous situations; in failing to have and maintain adequate lighting at the

subject location and/or Premises; in negligently hiring, retaining, training, and promoting unqualified personnel to operate, supervise, maintain, repair, enforce, and control the subject location and/or Premises; in failing to provide the plaintiff with a safe place to walk; in permitting the subject location and/or Premises to be and remain in an unsafe and dangerous condition so as to constitute a nuisance, menace, snare and/or danger to the life and limbs of the public in general and Plaintiff in particular; in failing to maintain the subject location and/or Premises in a reasonably safe condition by causing, creating and/or allowing the defective conditions to remain; in failing to timely remedy the defective conditions complained of herein despite numerous complaints of same; in negligently maintaining and/or repairing the aforesaid area; in failing to make adequate and sufficient inspections; in failing to exercise due care, diligence and prudence with regard to the subject location and/or Premises, all of which the defendants had notice of, or, in the exercise of reasonable care, should have had notice; and the defendants, its agents, servants and/or employees, were otherwise negligent, careless and reckless in the instance.

24. Defendants, their agents, servants and/or employees, disregarding their aforementioned duties, negligently and carelessly permitted the subject location and/or Premises to become and remain in an unreasonably unsafe and dangerous condition, of which the defendants, its agents, servants and/or employees, had due notice, both actual and constructive.

25. By reason of the foregoing negligence, the plaintiff became sick, sore, lame, and disabled, and was injured internally and externally and has remained so ever since, and has required medical attention, and has expended monies in an ongoing effort to cure Plaintiff of said injuries, and was hindered and disabled from attending Plaintiff's usual and customary activities.

26. Plaintiff in no way contributed to the happening of the subject accident.

27. This action falls within one or more exceptions of CPLR §1602.

**WHEREFORE**, Plaintiff demands judgment against the defendants jointly and severally in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, together with any and all further relief that this Court deems just and proper.

Dated: Brooklyn, New York
March 20, 2024

Yours, etc.,

HELD & HINES, LLP

PHILIP M. HINES, ESQ.
*Attorney for Plaintiff*
2004 Ralph Avenue
Brooklyn, New York 11234
(718) 531-9700
phines@heldhines.com

# ATTORNEY VERIFICATION

PHILIP M. HINES, an attorney duly licensed to practice in the courts of the State of New York, hereby affirms the following under penalties of perjury:

That I am a member of the law firm of HELD & HINES, L.L.P., attorneys for the plaintiff in the within action; that I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; and that the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true. The reason this Verification is made by me and not by the plaintiff is that said plaintiff resides outside of the County in which the Affirmant's office is located.

The grounds of my belief as to all matters stated upon my own knowledge are as follows: the records, reports, contracts, and documents contained in the plaintiff's file.

PHILIP M. HINES, ESQ.

Affirmed to March 20, 2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------------X
LAURIE MOBLEY,

Index No.

Plaintiff,

-against-

WAL-MART STORES EAST, INC., WAL-MART STORES EAST, LP and WALMART STORE #2156,

Defendants.
---------------------------------------------------------------------X

**SUMMONS AND VERIFIED COMPLAINT**

**HELD & HINES, LLP**
**Attorneys for Plaintiff**
**Office & Post Office Address**
**2004 Ralph Avenue**
**Brooklyn, New York 11234**
**(718) 531-9700**

Signature (Rule 130-1.1-a)

PHILIP M. HINES, ESQ.